UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| THOMAS TAFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00002-JPH-DLP |
| ) | |
| BRADLEY N. LUCKETT, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Thomas Taft, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Taft sues Mental Health Staff personnel Bradley Luckett and Dr. Mary Sims. He alleges that, on September 23, 2020, he told Mr. Luckett that he was in danger from Officer Murphy because of a relationship he had with Officer Murphy's ex-girlfriend and that Officer Murphy had threatened "to play with his food." According to the complaint Mr. Luckett did not report this information to Dr. Sims, his supervisor. Mr. Taft further alleges that after he wrote a request for interview to Dr. Sims, she let Officer Murphy know of Mr. Taft's concerns, which caused Officer Murphy to harass him. Mr. Taft filed a grievance and was interviewed by OII[1] on these complaints. Shortly thereafter, Mr. Taft found a rock in his food as Officer Murphy passed him his tray. Mr. Taft also alleges that Officer Murphy harasses him by writing him up on false conduct reports.

Based on the screening standard set forth above, the complaint must be dismissed. Mr. Taft is understood to allege that defendants Dr. Sims and Mr. Luckett failed to protect him from harm in violation of the Eighth Amendment. The Eighth Amendment's prohibition of "cruel and unusual punishments" obligates prison officials to "take reasonable measures to guarantee the safety of ... inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). The Seventh Circuit has explained that to establish an Eighth Amendment violation, an inmate must show that a defendant was deliberately indifferent to "an excessive risk

---

[1] OII is understood to refer to the Office of Internal Investigations.

to inmate health or safety[.]" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (alteration in original) (quoting *Farmer*, 511 U.S. at 837).

> This includes two components: (1) "the harm to which the prisoner was exposed must be an objectively serious one"; and (2) judged subjectively, the prison official "must have actual, and not merely constructive, knowledge of the risk." *Id*. For this second element, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

*Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018).

Mr. Taft claims that Officer Murphy filed false conduct reports against him and that he found a rock in his food. Without more, the false-reporting allegation does not constitute an objectively serious harm. *See, e.g.*, *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006) (directing "that the Eighth Amendment provide[s] no protection against" the "filing [of] a false conduct report" because a "frame-up . . . is not an example of punishment in the sense of the Eighth Amendment"). And although contaminated meals can present objectively serious harms, Mr. Taft's allegations do not offer enough details to support such a finding. *Cf. Green v. Beth*, 663 F. App'x 471, 472 (7th Cir. 2016) (inmate had alleged that he "split a tooth and damaged three others when . . . he bit into a rock embedded in his lunch food," stated that it was "common for detainees to become wounded by eating the jail food because it often contained foreign objects," and had specified three similar incidents). Moreover, Mr. Taft's complaint does not allege defendants' actual knowledge of a substantial risk of serious harm as required for an Eighth Amendment claim. *See Sinn*, 911 F.3d at 419.

### III. Conclusion

For the foregoing reasons, the complaint must be dismissed. Mr. Taft shall have **through February 16, 2021**, to show cause why this action should not be dismissed consistent with this Order. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at

3

least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**SO ORDERED.**

Date: 2/3/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS TAFT
169288
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838