UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| THOMAS TAFT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00002-JPH-MKK |
| | ) |
| MURPHY, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

This action is based on Thomas Taft's allegations that Wabash Valley Correctional Facility Officer Murphy placed a rock in his food, causing injuries to his teeth and gums. Officer Murphy has filed a motion for summary judgment. For the reasons that follow, the motion is granted.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez,* 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Officer Murphy met that burden through his unopposed motion for summary judgment. Mr. Taft failed to respond to the summary judgment motion.[1] Accordingly, facts alleged in the motion are "admitted without

---

[1] The docket does not reflect any actions Mr. Taft has taken to pursue this case since he paid a partial filing fee in July 2021, and he has not updated his address as required.

controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing summary judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

Mr. Taft's verified complaint was sworn under penalty of perjury, *see* dkt. 7 at 8, so it can function as "the equivalent of an affidavit for summary judgment purposes," *Locke v. Haessig*, 788 F.3d 662, 665, n.1 (7th Cir. 2015). But the Court is required to consider only the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017). These facts therefore recite only the portions of the amended complaint designated by Officer Murphy.

Mr. Taft believed that Officer Murphy harbored a grudge against him and was harassing him because of relationships they each had with the same woman before Mr. Taft was incarcerated. *Id.* Officer Murphy distributed meal trays in Mr. Taft's housing unit, and Mr. Taft injured his mouth when he bit a rock that was mixed in with his food. *Id.* at 5. Officer Murphy supports his summary

---

*See* dkt. 3; dkt. 27; dkt. 29; dkt. 34; dkt. 36.  It therefore appears that Mr. Taft may have abandoned this case.

judgment motion with an affidavit denying that he threatened Mr. Taft or placed a rock in his food.  Dkt. 30-1.

### III.
### Discussion

A correctional officer violates the Eighth Amendment by inflicting "unnecessary and wanton pain and suffering . . . maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986).

Because Officer Murphy's motion for summary judgment is unopposed, the facts he has supported with evidence are admitted without controversy except to the extent other admissible evidence in the record creates a material factual dispute. S.D. Ind. L.R. 56-1(f)(1)(C). Thus, Officer Murphy's statement that he never placed a rock in Mr. Taft's food resolves the case in his favor unless other admissible evidence in the record contradicts it.

There is no designated evidence that Officer Murphy placed a rock in Mr. Taft's food or even threatened to do so.[2] Instead, the record shows only that Officer Murphy and Mr. Taft had a conflict stemming from their relationships with the same woman, that Officer Murphy passed out Mr. Taft's meal tray, and that Mr. Taft injured his mouth when he bit into a rock mixed in with his food from that tray. That leaves, at best, only speculation about where the rock came

---

[2] The Court notes Mr. Taft's allegation that he told other staff members that Officer Murphy had threatened him. These statements appear to be hearsay and therefore inadmissible to prove the truth of their contents—that Officer Murphy threatened Mr. Taft. *See* Fed. R. Evid. 801(c), 802. Regardless, there's no designated evidence that Officer Murphy actually threatened Mr. Taft, so there is no triable issue of fact on that question.

4

from, and "inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 401 (7th Cir. 2018). Therefore, under the designated evidence, no reasonable jury could find that Officer Murphy acted maliciously or sadistically as required to show an Eighth Amendment violation. Officer Murphy is therefore entitled to summary judgment.

## IV.
## Conclusion

Officer Murphy's unopposed motion for summary judgment, dkt. [30], is **granted**. The **clerk is directed** to enter **final judgment** consistent with this order and the screening order, dkt. 14.

**SO ORDERED.**

Date: 9/18/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

THOMAS TAFT
169288
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel